## DOCUMENT INDEX

| | |
|---|---|
| 0001-0003 | Civil Docket – Cover Sheet – Cause No. 22-CV-2219 |
| 0004-0030 | Plaintiff's Original Petition |
| 0031 | Status Conference Sheet |
| 0032 | Receipt Acknowledged |
| 0033-0034 | Request for Issuance of Service on City of La Marque |
| 0035-0036 | Request for Issuance of Service on Officer Jose Santos |
| 0037-0038 | Request for Issuance of Service on Chief Kirk Jackson |
| 0039-0040 | Citation – City of La Marque |
| 0041-0042 | Citation – Officer Jose Santos |
| 0043-0044 | Citation – Chief Kirk Jackson |

NA/57609516v.1

Jones v. LaMarque000001

## Case Information

22-CV-2219 | ADRIAN JONES, ET AL vs. CITY OF LA MARQUE, Et Al

| Case Number | Court | Judicial Officer |
|---|---|---|
| 22-CV-2219 | 122nd District Court | Jones, Jeth |
| File Date | Case Type | Case Status |
| 11/21/2022 | Other Civil - Cases | Active |

## Party

Plaintiff
JONES, ADRIAN

Active Attorneys ▾
Lead Attorney
Lewis, U.A.
Retained

Administrator of the Estate
JONES, ADRIAN

Active Attorneys ▾
Lead Attorney
Lewis, U.A.
Retained

Plaintiff
The Estate of Joshua Feast

Active Attorneys ▾
Lead Attorney
Lewis, U.A.
Retained

Defendant
CITY OF LA MARQUE

Defendant
SANTOS, JOSE

Jones v. LaMarque000002

Defendant
Jackson, Chief Kirk

# Events and Hearings

11/21/2022 Original Petition - OCA ▼

JOSHUA FEAST COMPLAINT.pdf

Comment
PLAINTIFF S ORIGINAL PETITION

11/22/2022 Status Conference Sheet ▼

Status Conference Sheet

Comment
Emailed to Attorney

11/22/2022 Receipt Acknowledge ▼

Receipt Acknowledge

Comment
Re: Delivery of S.C Sheet

11/22/2022 Request for Civil Service ▼

1 Citation to Issue assigned to EA / City of Lamarque.pdf

Comment
1 Citation to Issue assigned to EA / City of La Marque

11/22/2022 Request for Civil Service ▼

1 Citation to Issue assigned to EA/ Santos.pdf

Comment
1 Citation to Issue assigned to EA /Santos

11/22/2022 Request for Civil Service ▼

1 Citation to issue assigned to EA /Chief Kirk Jackson .pdf

Comment
1 Citation to issue assigned to EA /Chief Kirk Jackson

11/29/2022 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
3 citations issued and mailed to attorney

02/23/2023 Status Conference ▾

Judicial Officer
Jones, Jeth

Hearing Time
9:30 AM

# Financial

No financial information exists for this case.

# Documents

JOSHUA FEAST COMPLAINT.pdf

Status Conference Sheet

Receipt Acknowledge

1 Citation to Issue assigned to EA / City of Lamarque.pdf

1 Citation to Issue assigned to EA/ Santos.pdf

1 Citation to issue assigned to EA /Chief Kirk Jackson .pdf

Citation Issuance - Work Product

Filed: 11/21/2022 11:59 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 70385076
By: Rolande Kain
11/22/2022 8:50 AM

**Case No.** __22-CV-2219__

| | | |
|---|---|---|
| **ADRIAN JONES,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFFS*, | § | |
| | § | Galveston County - 122nd District Court |
| **V.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **CITY OF LA MARQUE, AND** | § | |
| **JOSE SANTOS** | § | **GALVESTON COUNTY, TEXAS** |
| *DEFENDANTS*. | | |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

This is an action brought by Plaintiffs, Adrian Jones, individually and on behalf of the heirs of Joshua Feast as beneficiaries of is survival claims deceased. Plaintiffs respectfully come before this Honorable Court pursuant to 42 U.S.C. §1983 and Texas Wrongful Death and survivorship statute, pursuant to 42 U.S.C. §1988 complaining through plausible, detailed, and specific facts that defendants, Jose Santos, and Chief Jackson acted under color of state law and unreasonably deprived Joshua Feast, deceased, of his clearly established rights secured by the United States Constitution, Fourth and Fourteenth Amendments, to remain free from unreasonable seizure and injury against Defendants City of La Marque, Jackson, and Jose Santos. Plaintiffs specifically allege the following:

## <u>I. INTRODUCTION</u>

1.      This civil rights and state tort action seeks compensatory and punitive damages from defendants for violating various rights under the United States Constitution in

Status Conference Set For 02/23/2023

connection with the fatal officer-involved shooting death of Plaintiff's son, Mr. Joshua

Feast, Sr. ("Joshua"), on December 9, 2020.

2.      The homicide of Joshua Feast at the hands of Jose Santos was preventable. Santos

was negligently hired and not properly supervised, trained, or disciplined by La Marque

Police Department.

3.      He was specifically not trained in the use of deadly force.

4.      There have been many instances of Santos' use of force against citizens without

provocation in the past before the encounter with Joshua Feast.

5.      La Marque Police Department Officer Jose Santos shot Joshua Feast in the back at

close range and killed Mr. Joshua Feast without lawful justification. Joshua was not a

threat to Santos or anyone at the time the violent homicide occurred.

6.      Santos shot Joshua in the back as Joshua was running away, and his back was

turned. After Josh fell to the ground, Santos kicked Joshua but failed to render aid. He

did not call for emergency services. The neighbors called for aid, but it was too late

because the shot was fatal. His child's mother was a witness to the shooting resulting in

in her own mental anguish. Officer Santos stalked and harassed Joshua Chief Jackson

7.      Before Defendant Santos shot Joshua Feast--a 22-year-old son and young father n-

- had been simply driving a female to McDonald's. Joshua committed no crimes at all.

He poses no immediate threat of harm.

8.      Because of his status as a police officer, the district attorney's office held

Defendant Jose Santos accountable for his actions. Although grand jury proceedings

commenced against Jose Santos based on the Harris County District Attorney's reasonable suspicion that Santos committed a crime related to the shooting, the grand jury no billed him.

9.      Santos remained with the La Marque Police department and was promoted to sergeant.

10.     Jose Santos was on fair notice that his conduct in shooting Joshua in the back as he fled on December 9, 2020, was unlawful based on the situation Santos confronted, a non-threatening citizen who was running away and did not disregard any complaints, under *Tennessee v. Garner*, 471 U.S. 1(1985).

11.     Clearly established law prohibited Jose Santos from using deadly force by shooting Joshua in the back as he ran from the scene.

12.     Rules that prohibited Jose Santos from shooting Joshua in the back.

13.     The City of La Marque gave Jose Santos a promotion related to the killing of Joshua.

### *Reginald Deon Davis*

14.     Tragically, the shooting of Joshua Feast was not an isolated excessive force incident by Santos.

15.     Before joining the La Marque police department, Santos was an officer with the Galveston police department but was forced to resign as a result of his use of excessive force against a citizen,

16.     On March 19, 2013, Santos tasered and beat Mr. Davis after officers chased him onto the beach, discharged his Taser, striking Mr. Davis in the back and knocking him to the ground. Mr. Davis stumbled to his feet before quickly being tackled by Officer Santos, who held Mr. Davis face down on the sand at the edge of the water. and forcibly submerged his head in the tide while kicking him in the head.  A video taken from a police dash camera captured those events. It showed that Officer Santos was able to restrain Mr. Davis, who is seen lying on his stomach and does not appear to resist until a wave from the rising tide submerges his face underwater, and it becomes clear that he is in fear of drowning.  Santos struck Mr. Davis's head numerous times with his fists.

17.     During this entire incident, Mr. Davis can be heard yelling, 'I can't breathe' and 'You're trying to drown me.' While beating him, Santos intentionally falsely accused Mr. Davis of resisting to justify the unreasonable use of force, but the video captured what was actually occurring that Mr. Davis was forced to resist to avoid drowning from his head being forced underwater. Pictures of Mr. Davis after his arrest show significant bruising and swelling to his face, and his arm, which was visibly injured prior to his arrest, appears to have been put in a sling.

### Demarcus Chatmon

18.     On or about November 18, 2014, Demarcus Chatmon, an African- American male, was a passenger in a vehicle. La Marque police Department officer Jose Santos stopped the vehicle. Chatmon was ordered to get out of the vehicle. As he complied with

Santos' order and exited the vehicle, Chatmon was viciously attacked by Santos. He was thrown to the ground and brutally pushed, punched, and kneed. Santos shot Chatmon with a taser and applied pressure to Chatmon's back with his knee. Chatmon could not breathe. During the beating, Mr. Chatmon lost several teeth as a result of the attack. Mr. Chatmon also  was not a threat to Santos or anyone else, just as was the case with Santos's other victims.

19.    After leaving the Galveston County police department, La Marque Police department hired Santos despite his history of violating the civil rights of Mr. Davis, and Chatmon and Santos attempting to kill them both.

20.    The City of La Marque has a rash of police-involved shootings where officers have not been disciplined by its chief of police Chief Kirk Jackson.

21.    In the past, on December 4, 2017, prior to the 2020 use of deadly force on Joshua Feast, LMPD officer Santos killed a senior citizen, Gregory Ray Ham, who was a 67-year-old white male. Santos alleged Mr. Ham was a threat to him, but his body-worn camera footage contradicts his representation that the senior was a threat. Nonetheless, Santos Shot and killed Mr. Ham at close range without warning, as was the case with Joshua 3 years and four days later.

22.    No officer was terminated or disciplined in any of the named instances and disputed the dishonest and contradicting accounts, by Chief Kirk Jackson.

23.    The City of La Marque has ratified this conduct by its officers, including Santos, by either doing nothing or awarding as they did Jose Santos, a promotion in direct

connection with the shooting of Joshua. And, like Defendant Santos, the City has not been held accountable for its actions (and inactions) concerning the shooting of unarmed individuals by its officers.

24.     This action, brought under 42 U.S.C.§1983, seeks justice and accountability for the wrongful, unjustified killing of Joshua and seeks to deter the practice of wrongful, unjustified shootings of others at the hands of the La Marque Police Department.

25.     Decedent Mr. Joshua Feast was an individual residing in the City of La Marque, Texas.

26.     The City of La Marque failed to submit a custodial death report.

## II. PARTIES AND SERVICE

27.     **Plaintiff Adrian Jones.,** is an individual residing in the City of La Marque, Texas, and is the natural father of Joshua. Mr. Jones sues both in his individual capacity as the son of Joshua and in a representative capacity as an administrator of the Estate of Joshua pursuant to Texas Estate Code §301. Joshua seeks both survival and wrongful death damages under federal and state law.

28.     **Plaintiff, The Estate of Joshua Feast** represents the property and legal interests of Joshua. Joshua Feast, Sr,

29.     **Defendant, City of La Marque ("City"),** is and was a duly organized public entity existing under the laws of the State of Texas. A city is a chartered subdivision of the State of Texas with the capacity to be sued. City is a Texas municipal corporation

that operates the La Marque Police Department (the "LMPD " or "Department"), which in turn sets city-wide policy for police officers employed by the Department. The city is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of La Marque Police Department and its agents and employees. At all relevant times, Defendant City was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the City of La Marque Police Department and its employees and agents complied with the laws of the United States and of the State of Texas. The City of La Marque, Defendant, is sued in its official capacity and subjected to monetary damage claims under 42 U.S. C.§ 1983 because its official policy or custom caused Joshua, Sr., to be deprived of state[1] and federally protected rights. At all relevant times, City was the employer of Defendant Jose Santos.

30.    **Defendant, Jose Santos** is a police officer working for the City of La Marque Police Department. The officer defendant was acting under the color of law in his individual capacity  as an LMPD officer.  Santos was acting within the course and scope of his duties as an officer for the City of La Marque Police Department. At all relevant times, the officer defendant acted with the complete authority and ratification of their principal, Defendant City of La Marque. In 2014, Jose Santos was hired by La Marque Police after being terminated by the Galveston Police department after trying to kill and violate the rights of another individual.

---

[1] 3 *Monell v. Dept of Social Services*, 436 U.S. 658, 694(1978)

31.   **Defendant, Chief Kirk Jackson,** works for the City of La Marque Police Department as the chief of police. The officer defendant was acting under the color of law in his individual capacity as an LMPD officer.  Santos was acting within the course and scope of his duties as an officer for the City of La Marque Police Department. At all relevant times, the officer defendant acted with the complete authority and ratification of their principal, Defendant City of La Marque.

### III. JURISDICTION AND VENUE

32.   This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a) (3)-(4) because the Plaintiffs assert claims arising under the laws of the United States, including 42 U. S. C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution and supplemental jurisdiction for all state law claims.

33.   Venue is proper under 28 U.S.C. §1391(b) because Defendants reside in this district, and all incident events and occurrences giving rise to this action occurred in this district.

### IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

34.   This is a civil rights action brought by Adrian Jones on behalf of himself and the heirs of his son, Mr. Joshua Feast, Sr., for damages for violation of constitutional rights based on  Fourth and Fourteenth Amendment violations and Equal Protection and Texas Law wrongful death and survivorship.

35.    On December 9, 2020, Joshua had the clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive force, illegal search and seizure, and to be free from illegal arrest[2].

36.    Officer Santos approached Joshua Feast at night, but Santos did not identify himself as a police officer; he did not have his lights or sirens activated.

37.    He never identified Joshua prior to shooting him.

38.    Santos never commanded Joshua to stop running or warn that he was being detained and would be shot.

39.    Joshua did not have a gun on his person when he ran from the truck that he was leaning into and talking to his child's mother and was unarmed.

40.    Joshua was not engaged in any criminal conduct, importantly Joshua was not committing a felony when he fled from the unidentified Santos.

41.    There was no warrant from Galveston County for Joshua's arrest when homicidal conduct driven by "roid rage" against the young African American man simply because he was African American occurred by Santos.

42.    Santos is known in the community for his steroid-driven conduct that manifests in the form of aggression and violence.

43.    The predominantly Black community was policed by officers of the LMPD, on December 9, 2020.

------

[2]*Khansari v. City of La Marque*, (S.D. Tex. 2014); *Deville v. Marcantel*, 567 F. 3d 156, 167 (5th Cir. 2009): *Tolan v. Cotton*, 572 U.S. 650 (2014); *Baker v. Putnal*, 75 F. 3d 190, 196( 5th Cir. 1996)
*Tennessee v. Garner*, 471 U.S. 1, 4 (1985), and *Graham v. Connor*, 490 U.S 386, 396 (1989) *Hunter v. Cole,* 137 S. Ct. 497 *(2016, writ denied) Kost v. Cotto*,1:19-cv-25-RP (U.S. District. Ct. W.D. Texas 2020).

44.   Joshua Feast was stopped on account of his race, and Santos's use of deadly force against Joshua was unjustified and unlawful in violation of equal protection clause.

45.   Regarding the facts surrounding Defendant Santos stop of Joshua Feast on account of his race and Santos' decision to shoot and kill Joshua Feast

46.   Santos fired at Josh once in the back as Josh ran away.

47.   Joshua was not given a verbal warning by Santos before the shooting that Santos would fire his weapon.

48.   Joshua never threatened Santos or posed an immediate threat of harm to the safety of Officer Santos, or anyone.

49.   Joshua never made a provocative gesture towards Santos.

50.   Joshua never pointed a gun or anything toward Santos.

51.   Officer Santos had the time and opportunity to give a warning to Joshua.

52.   Upon making contact with Joshua, Santos unholstered his weapon but did not have his emergency lights or sirens turned on.

53.   Joshua did not have a gun in his pocket, and no gun belonging to Joshua was found on his person at any time.

54.   Joshua dropped the weapons he had long before Santos shot him in the back, as Santos acknowledged that Joshua had dropped the weapon the moment he ran from the car.

55.   After Officer Santos fatally shot Joshua in the back.

56.   Life-saving measures were not applied to Joshua.

57.    Defendant Santos failed to provide medical aid to Joshua after he shot Joshua in the back before the EMS arrived on the scene.

58.    Joshua was unarmed when he was shot.

59.    Officers Jose Santos lied about what happened and reported Joshua pointed a weapon at him and fabricated evidence.

60.    In spite of the fact that the statement conflicted with the video body-worn camera evidence, The City of La Marque, chief Jackson ratified Santos's action rather than disciplining Santos.

61.    Despite being aware of the contradictions involving the death of Joshua, The City of La Marque awarded with a pay increase and promotion after shooting of Joshua.

62.    The City of La Marque promoted Jose Santos after the other acts of excessive force against others prior to shooting and killing Joshua.



63.    To that end, Defendant Santos was wearing his Department-issued uniform, wearing an LMPD badge or insignia, armed with his service weapon, and acting in full capacity as a La Marque Police Department officer.

64.    Officer Santos racially profiled Joshua as he has in the past. Santos approached Joshua with guns pointed.

65.    Joshua was not told the purpose of the encounter he was met with Santos and the barrel of Santos's gun, Joshua ran for his life, rightfully so.

66.    Joshua did not make an overt act with a gun toward Santos with a weapon.

67.    Santos did not employ any de-escalation techniques during the stop; due to lack or poor training in de-escalation.

68.    Jose Santos knew Joshua did not pose a threat of harm to him or others. Jose Santos chose to impose a death sentence on Joshua.

69.    In the wake of this unjustified shooting, Joshua did not die immediately. In these moments, Joshua experienced unspeakable pain due to the gunshot wounds to his back.

70.    He was moaning from the conscious pain and suffering.

71.    Adding insult to fatal injury-Defendant Santos handcuffed Joshua. He was left to die.

72.    City of La Marque LMPD officials have established a custom of condoning lethal use of force by ruling all intentional shootings to be justified - even when an officer's statements conflict with other evidence or independent witness accounts.

73.    The City's refusal to supervise its officers' use of force amounts to deliberate

indifference.

74.     After the shooting, Defendant Santos falsely told authorities and investigators he shot Mr. Joshua Feast because he pointed a weapon at him while running away and pointing the gun backward toward him. After Joshua was fatally wounded, Santos promptly acknowledged Joshua dropped his gun. Joshua dropped his gun before Santos decided to shoot Joshua for running away from him.

75.     LMPD claimed to have found a weapon of an unknown type that fell from Joshua's person while in the ambulance but obviously the weapon was not discovered or used to threaten Santos. The gun was identified as the same gun that was held in evidence from another crime.

***The City of La Marque Failed to Discipline Santos for the shooting, or untruthfulness surrounding the events involving Joshua's death.***

76.     Despite all of the inconsistencies and implausible versions of events provided by Defendant Santos, his employer--the City of La Marque- failed to discipline Defendant Santos in any meaningful way.

77.     Indeed, the City of La Marque did not terminate Santos in the wake of shooting and killing Joshua or after the use of force against other leading up to killing Joshua and the failure to discipline was the moving force behind the constitutional violation against Joshua.

78.     He knew he would not be disciplined, and he would be protected from any

discipline, including being criminally charged.  The city of La Marque never treated Santos as a murder suspect.

79.     Instead, records indicate that Defendant Santos continued with his employment after the killing and was awarded. The City of La Marque Ratified and condone the conduct of Santos.

80.     Jose Santos was awarded a certificate in the past after his use of unnecessary excessive force and continues his role as a gypsy cop. Santos was also promoted to Sargent at the La Marque Police Department.

81.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of life, loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Joshua.

82.     The aforementioned acts and omissions also caused Joshua's conscious pain and suffering, loss of enjoyment of life, and death.


### CLAIMS:

### FIRST CLAIM FOR RELIEF
### Unreasonable Search and Seizure-Detention and Arrest-42 U.S.C.§ 1983
### Against Jose Santos and Chief Kirk Jackson

83.     Plaintiff adopts and incorporates by reference each and every factual allegation throughout the complaint as though fully set forth herein.

84.     There was no reasonable suspicion and certainly not probable cause to believe that Joshua had committed any crimes or to stop Joshua.

85.     Joshua was not a fleeing felon.

86.    Santos was working as police officers for the City of La Marque Police Department and acting with the course and scope of their duties, acted intentionally. Defendants Santos and Jackson acted without lawful authority and without the Plaintiffs' consent; Defendant Santos' act resulted in the direct restraint of Joshua's liberty or freedom of movement by actual force inflicted on Joshua.

87.    Santos is liable for Joshua's injuries. The conduct of Officer Santos was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Joshua, entitling Plaintiffs to an award of exemplary and punitive damages.

88.    Plaintiffs bring this claim individually and as heirs and administrator of the Estate and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

### SECOND CLAIM FOR RELIEF
### Unreasonable Search and Seizure-Excessive Deadly Force-42 U.S. C. § 1983 Against Jose Santos

89.    Plaintiff adopts and incorporates by reference each and every factual allegation throughout the complaint as though fully set forth herein.

90.    Defendant Santos used unreasonable force against Joshua when he fired his weapon and shot Joshua in the back because he ran away from Santos. Santos used unreasonable force, Joshua was harmed and ultimately died.

91.    Defendant Santos's action of shooting Joshua in the back because he ran from him violated Joshua's constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution. Santos failed to

render aid denying Joshua medical care for his serious medical needs.

92.     The misconduct described in this claim shooting an unarmed Joshua in his back because he ran was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others.

93.     Joshua was not armed, posed no immediate threat to the safety of the officer or the public, he did not resist arrest, he was not dangerous and exigent circumstances existed at the time of the stop to and he was non-resistant.

94.     Joshua was an unarmed citizen when he was shot. In addition, the misconduct and excessive force described in this claim "shocks the conscience".

### THIRD CLAIM FOR RELIEF
### Unreasonable Search and Seizure-Denial of Medical Care-42 U.S.C. §1983 Against Jose Santos

95.     Plaintiff adopts and incorporates by reference each and every factual allegation throughout the complaint as though fully set forth herein.

96.     After Joshua was in the back he fell to the ground and he was bleeding, moaning, groaning from pain, and in obvious and critical need of emergency medical care and treatment.

97.     However, rather than treating Joshua immediately or calling for medical personnel or EMS to treat his injuries that resulted from the gunshot wounds Defendant, Officer Santos used unreasonable force and kicked and handcuffed Joshua, pursuant to City of La. Marque Policy.

98.     The denial and delay of medical care to Joshua caused Joshua extreme physical

and emotional pain and suffering and was a contributing cause of Joshua's death.

99.     The denial of medical care by the officers, Santos deprived Joshua the right to be secure in his person against unreasonable searches and seizures as guaranteed to Joshua under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

100.   Joshua was more likely than not frightened, suffered conscious pain and suffering, great physical pain and emotional distress up to the time of his death, and also suffered loss of enjoyment of life, loss of life, and loss of earning capacity.

101.   The Officer Santos knew that failure to provide timely medical treatment to Joshua could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Joshua great bodily harm and death.

102.   The conduct of the officer defendant, Santos, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Joshua and therefore warrants the imposition of exemplary and punitive damages to the officer defendants.

103.   As a result of their misconduct, the officer defendants, Santos, and Jackson , are liable for Joshua's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

**FOURTH CLAIM FOR RELIEF**
**Equal Protection-42 U.S.C. §1983**
**Against City of La Marque, Jose Santos and Kirk Jackson**

104.   Plaintiff adopts and incorporates by reference each and every factual allegation

throughout the complaint as though fully set forth herein.

105.   In the manner specifically described in this complaint, Defendant Santos violated Joshua's constitutional rights intentionally subjecting him to unlawful, unequal treatment on the basis of his race, black in violation of the Fourteenth Amendment of United States Constitution.

106.   Defendant Santos' conduct created discriminatory effects by targeting Joshua for police action based on his race, black, and gender.

107.   The misconduct described was objectively unreasonable and was undertaken intentionally with willful indifference to Joshua's constitutional rights.

## SEVENTH CLAIM FOR RELIEF
### Wrongful Death and Survival- 42 U.S.C. §1983, 1988, and Tex. CPRC §71.002-71.021 Against City of La Marque, and Jose Santos and Kirk Jackson

108.   Plaintiff adopts and incorporates by reference each and every factual allegation throughout the complaint as though fully set forth herein.

109.   Defendant Santos actions toward Joshua violated his  constitutional rights and wrongfully caused the death of Joshua, and without those actions, the death of Joshua would not have occurred.

110.   Prior to his death, Joshua suffered serious personal injuries including but not limited to severe pain and emotional distress during the period after he was shot but before he died from the gunshot wounds Defendant Santos inflicted upon him.

111.   Mr. Adrian Jones suffered from pecuniary loss as a result of the wrongful death of Joshua. Joshua's mother, children, and child's mother having bystander liability also,

suffered loss of companionship and mental anguish as a result of the wrongful death of Joshua.

*Survival Action*

112.   Defendant Santos 'actions toward Joshua violated Joshua's constitutional rights and wrongfully caused the death of Joshua Feast, Sr.

113.   Prior to his death, Joshua suffered serious personal injuries including but not limited to severe pain and emotional distress during the period after he was shot and before he died.

114.   Plaintiff, the Estate of Joshua Feast, which includes his heirs, has standing to assert this claim pursuant to Tex. Civ. Prac. & Rem. Code Section §71.0004(a) through 42 USC 1988.

**EIGHTH CLAIM FOR RELIEF**
**42 U.S.C. §1983-Municipal Liability:**
***Monell* And Negligent Hiring against the City of La Marque**

115.   Plaintiff adopts and incorporates by reference each and every factual allegation throughout the complaint as though fully set forth herein.

116.   As described in the preceding paragraphs the misconduct described in was undertaken under the policy and practice of the City of La Marque through its Chief of police Kirk Jackson, such that Defendant City of La Marque is also liable, in that:

a.      As a matter of both policy and practice, the City of La Marque encourages, and is thereby the moving force behind, the very type of misconduct at issue in the foregoing

paragraphs by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference;

b.      As a matter of both policy and practice, the City of La Marque facilitates the very type of misconduct at issue in the preceding paragraphs by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading La Marque police officers to believe their actions will never be meaningfully scrutinized. Accordingly, in that way, the City of La Marque directly encouraging future uses of excessive deadly force, unlawful detention, failures to intervene, and race-based policing and discriminating against the mentally ill such as those Plaintiff complains of. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the La Marque Police Department violate the constitutional right of individuals in a manner similar to that alleged by Joshua in this complaint on a regular basis, yet the La Marque Police Department investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

117.   As a result of the City of La Marque's policies and practices, and the unjustified and unreasonable conduct of the Defendant Santos, Plaintiff has suffered injuries, including severe emotional distress and ultimately death.

118.   The City of La Marque has ratified each use of deadly force by its officers as demonstrated through its actions after the use of deadly force.

119.   Chiefs of Police Jackson, as the City of La Marque, has ratified its officers' conduct in nearly every case of use of deadly force by its officers.

120.   Santos did a "walk-through" of the crime scene. The walk-through consisted of Defendant Santos's walking through the scene and explaining where certain things had happened.

121.   No gun was pointed at Santos at any time.

122.   Santos shot Joshua because Joshua ran from him. Upon review of the adulterated spoiled body cam video footage removing the audio from the publicly released video it still show that Santos shot Joshua in the back while he was never a threat of imminent harm to him.

***The final policymaker determined that the acts of the officer defendants were "within policy."***

123.   Kirk Jackson, the LMPD Chief of police, has not found the discipline for the use of force by one of his officers.

124.   The City of La Marque may be liable if its policymakers condone or otherwise adopt the creation of a custom by knowingly ratifying the illegal or unconstitutional actions of subordinate, non- policymaking employees.

125.   The use of force as justified by the Chief of police, absence of immediate danger, and the use of force by Santos is not justified, because Joshua did not point a weapon at Santos or place Santos or anyone else in threat of danger of harm.

126.   The officers engaging in unreasonable use of deadly force in LMPD have not been disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with

Joshua's death or prior to the death involving the death of any others leading up to the death of Joshua.

127.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Joshua. The aforementioned acts and omission also caused Joshua's pain and suffering, loss of enjoyment of life, and death.

128.   The officer defendants acted pursuant either to an expressly adopted official policy or a longstanding practice or custom of the defendant, City of La Marque

129.   The officer defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Joshua's death.

130.   Defendants City and the officer defendants, together with. other city policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies

131.   The unconstitutional customs, practices, and policies, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases involving the use of deadly force against an unarmed person by a police officer working for the City. When the injuries result from the execution of a governmental policy the acts here may be fair to be said to represent official policy.

132.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Joshua. The aforementioned acts and omissions also caused

Joshua's pain and suffering, loss of enjoyment of life, and death.

133.   Defendants City and officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above.

134.   Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Joshua, Plaintiffs, and other individuals similarly situated.

135.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Officers Santos acted with intentional, reckless, and callous disregard for the life of Mr. Joshua Feast and for Joshua Feast's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants City of La Marque and Officer Santos and Jackson were affirmatively linked to and were a significantly influential and moving force behind the injuries of Mr. Joshua Feast and Plaintiffs.

### *Failure to Train*

136.   Plaintiff adopts and incorporates by reference each and every factual allegation throughout the complaint as though fully set forth herein.

137.   The officer defendants acted under the color of law.

138.   The acts of the officer defendants deprived Joshua and Plaintiffs of their particular rights under the United States Constitution.

139.   The training policies of Defendant City were not adequate to train its police officers to handle the usual and recurring situations with which they must deal, including with regard to the use of force, de-escalation of the mentally ill, crisis intervention training, and racial profiling, rendering life-saving measures during police-involved shooting and implicit bias.

140.   Defendant City of La Marque was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately, including with regard to use of force, and rendering medical aid.

141.   The failure of Defendant City to provide adequate training caused the deprivation of Plaintiff's rights by the Officer defendant; that is, the defendants; failure to train is so closely related to the deprivation of Joshua and the Plaintiffs' right as to be the moving force that caused the ultimate injury, Joshua's death.

142.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Joshua. The aforementioned acts and omissions also caused Joshua's pain and suffering, loss of enjoyment of life, and death.

## IV. PLAINTIFFS' DAMAGES

143.   The Defendants' actions imposed substantial harm on Joshua during the period of

time after which Defendant Santos until Joshua shot him ultimately passed away. The amount of excruciating pain Joshua felt during those final moments is unquantifiable.

144.   In addition, Joshua children lost the opportunity to be raised by their father and see their major life events, as did his father loss the

145.   The opportunity to earn wages based on his experience; and the ability to see his son graduate from college. These damages are tragic and substantial.

146.   Likewise, Joshua's children growing up as young men without a father, Joshua Feast's parents have suffered an immeasurable loss continuing life without their son: Their lives are now forever altered by the difficulties that the children and their grandparents will face as a result of his Joshua's death.

147.   Joshua's parents were close with their son and will never again have this relationship further harms them as a result of the actions taken subsequent to the killing due to authorities' failure hold the Defendant Jose Santos accountable for his actions and also by the substantial life changes that they have had to endure in assisting with the guidance for Joshua Feast's children.

148.   Plaintiffs bring their claim as heirs of Joshua's estate seeks both survival and wrongful death damages for the violation of Joshua's rights.

149.   Plaintiff is entitled to recover reasonable attorney's fees and costs to enforce his Constitutional rights under 42 U.S. 1983 and 1988 from defendants.

**Loss of Consortium**

150.   Each individual heir and plaintiff assert a claim for loss of consortium based upon the action by Santos and the City of La Marque resulting in Joshua Feast Sr.'s death.

151.   Plaintiffs request entry of judgment in their favor and against Defendants City of La Marque, Jose Santos, and  Chief Jackson inclusive, as follows:

a.      For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount proven at trial;

b.      For fright, loss of life, loss of liberty, funeral and burial expenses, and loss of companionship and financial support;

c.      For punitive damages against the individual defendants in an amount to be proven at trial; For loss of consortium;

d.      For prejudgment and post-judgment interest;

e.      For reasonable attorney's fees, including litigation expenses; For costs of suit ;

f.      For emotional distress, and mental anguish up to the time of his death;

g.      For loss of enjoyment of life;

h.      For deprivation of physical liberty, security, and loss of life;

i.      For pre-death pain and suffering and loss of earning capacity;. For such further other relief as the Court may deem just, proper and appropriate.

Respectfully submitted,
/s/U. A. Lewis
U. A. Lewis
State Bar No. 24076511 Federal Bar No.
1645666
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555

Facsimile: (713) 58*1-1017*
ATTORNEY FOR PLAINTIFFS

Jones v. LaMarque000031

**The District Courts of Galveston County, Texas Status Conference Notice**

**Please calendar this event**

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

**<u>Date: 02/23/2023  set in the 122nd District Court</u>**

| Case Number: | 22-CV-2219 |
|---|---|
| Case Style:  ADRIAN  JONES, ET AL vs. CITY OF LA MARQUE, Et Al | |

*Helpful Information: Please visit our website at*
*http://www.galvestoncountytx.gov/dc/Pages/default.aspx*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*Helpful Links to Legal Resources and sites*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

*JOHN D. KINARD, District Clerk, Galveston County, Texas*
*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

Jones v. LaMarque000032

**Kain, Rolande**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | myattorneyatlaw@gmail.com |
| **Sent:** | Tuesday, November 22, 2022 9:03 AM |
| **Subject:** | Relayed: 22-CV-2219 Status Conference Sheet - ADRIAN  JONES, ET AL vs. CITY OF LA MARQUE, Et Al |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

myattorneyatlaw@gmail.com (myattorneyatlaw@gmail.com)

Subject: 22-CV-2219 Status Conference Sheet - ADRIAN JONES, ET AL vs. CITY OF LA MARQUE, Et Al

Jones v. LaMarque000033

Filed: 11/22/2022 5:41 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 70423009
By: John Vaughn
11/23/2022 9:31 AM

# LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE

**CASE NUMBER:** __22-CV-2219__    **CURRENT COURT:** __Galveston County - 122nd District Court__

**Name(s) of Documents to be served:** **Citation/ Petition** _____

**FILE DATE:** _____ Month/Day/Year

**Issue Service to Defendant**: __CITY OF LA MARQUE_____

Address of Service: __1111 Bayou_____

City, State & Zip: __La Marque, TX 77568 or wherever he may be found_____

Agent (if applicable) __c/o City Mayor Keith Bell_____

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   **Newspaper**_____
- [ ] **Temporary Restraining Order**   [ ] **Precept**   [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**   [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY E-Issuance by Clerk to OFFICE@THELEWISLAW.COM, and**
- [ ] **ATTORNEY PICK-UP (phone)** 713-570-6555
- [x] **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**
- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney: **U.A. Lewis;** Bar # :**24076511**

Mailing Address: **99 DETERING #104, HOUSTON, TEXAS 77007_____**

Phone Number: **713-570-6555_____**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 70423009
Status as of 11/23/2022 9:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/22/2022 5:41:48 PM | SENT |

Filed: 11/22/2022 5:41 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 70423009
By: John Vaughn
11/23/2022 9:31 AM

## LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE

**CASE NUMBER:** __22-CV-2219__          **CURRENT COURT:** __Galveston County - 122nd District Court__

**Name(s) of Documents to be served:** __Citation/ Petition__

**FILE DATE:** _____ Month/Day/Year

**Issue Service to Defendant**: __JOSE SANTOS__

Address of Service: __431 Bayou Road__

City, State & Zip: __La Marque, TX 77568 or wherever he may be found__

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

[X] **Citation**      [ ] **Citation by Posting**      [ ] **Citation by Publication**      [ ] **Citations Rule 106 Service**

[ ] **Citation Scire Facias      Newspaper**_____

[ ] **Temporary Restraining Order**      [ ] **Precept**      [ ] **Notice**

[ ] **Protective Order**

[ ] **Secretary of State Citation ($12.00)**      [ ] **Capias** (not by E-Issuance)      [ ] **Attachment** (not by E-Issuance)

[ ] **Certiorari**      [ ] **Highway Commission ($12.00)**

[ ] **Commissioner of Insurance ($12.00)**      [ ] **Hague Convention ($16.00)**      [ ] **Garnishment**

[ ] **Habeas Corpus** (not by E-Issuance)      [ ] **Injunction**      [ ] **Sequestration**

[ ] **Subpoena**

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY E-Issuance by Clerk to OFFICE@THELEWISLAW.COM, and**
[ ] **ATTORNEY PICK-UP (phone)  713-570-6555**
[X] **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
[ ] **CONSTABLE**
[ ] **CERTIFIED MAIL by District Clerk**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
[ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney: **U.A. Lewis;** Bar # :**24076511**

Mailing Address: **99 DETERING #104, HOUSTON, TEXAS 77007_____**

Phone Number: **713-570-6555_____**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 70423009
Status as of 11/23/2022 9:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/22/2022 5:41:48 PM | SENT |

1 citation to issue assigned to EA

Filed: 11/22/2022 5:41 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 70423009
By: Shirley Vaughn
11/23/2022 9:31 AM

## LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE

**CASE NUMBER:** __22-CV-2219__     **CURRENT COURT:** __Galveston County - 122nd District Court__

**Name(s) of Documents to be served:** **Citation/ Petition**_____

## FILE DATE: _____ Month/Day/Year

**Issue Service to Defendant**:   CHIEF KIRK JACKSON_____

Address of Service:   __431 Bayou Road_____

City, State & Zip:__La Marque, TX 77568 or wherever he may be found_____

Agent (if applicable) _____

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

[X] **Citation**  [ ] **Citation by Posting**  [ ] **Citation by Publication**  [ ] **Citations Rule 106 Service**

[ ] **Citation Scire Facias   Newspaper**_____

[ ] **Temporary Restraining Order**  [ ] **Precept**  [ ] **Notice**

[ ] **Protective Order**

[ ] **Secretary of State Citation ($12.00)**  [ ] **Capias** (not by E-Issuance)  [ ] **Attachment** (not by E-Issuance)

[ ] **Certiorari**  [ ] **Highway Commission ($12.00)**

[ ] **Commissioner of Insurance ($12.00)**  [ ] **Hague Convention ($16.00)**  [ ] **Garnishment**

[ ] **Habeas Corpus** (not by E-Issuance)  [ ] **Injunction**  [ ] **Sequestration**

[ ] **Subpoena**

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY E-Issuance by Clerk to OFFICE@THELEWISLAW.COM, and**
[ ] **ATTORNEY PICK-UP (phone)  713-570-6555**
[x] **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
[ ] **CONSTABLE**
[ ] **CERTIFIED MAIL by District Clerk**
[ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
[ ] **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney: **U.A. Lewis;** Bar # :**24076511**

Mailing Address: **99 DETERING #104, HOUSTON, TEXAS 77007_____**

Phone Number: **713-570-6555_____**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 70423009
Status as of 11/23/2022 9:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 11/22/2022 5:41:48 PM | SENT |

**CITATION**

---

**THE STATE OF TEXAS**

---

ADRIAN  JONES, ET AL VS. CITY OF LA MARQUE, ET AL

**Cause No.: 22-CV-2219**
**122nd District Court of Galveston County**

TO:     CITY OF LA MARQUE
        c/o City Mayor, Keith Bell
        1111 Bayou
        La Marque, TX  77568 or wherever he may be found

---

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **122nd District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **November 21, 2022**. It bears cause number **22-CV-2219** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 28th day of November, 2022.**

Issued at the request of:
UA Lewis
PO Box 27353
Houston TX 77227



**John D. Kinard**, District Clerk
Galveston County, Texas

*Elissa Alvarado*

By      Elissa Alvarado, Deputy

---

| The District Courts of Galveston County, Texas Status Conference Notice Please calendar this event | | | | |
|---|---|---|---|---|
| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) | | | | |
| Court Name | Status Conference Time | Court Phone Number | | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

**<u>Date :02/23/2023 set in the 122nd District Court - Judge John Ellisor</u>**

## RETURN OF SERVICE

| Case No. 22-CV-2219 | In the 122nd District Court |
|---|---|

**ADRIAN JONES, ET AL vs. CITY OF LA MARQUE, Et Al**

Come to hand on _____ at _____ o'clock _____.m., and executed in _____County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

**To:   CITY OF LA MARQUE**
**c/o City Mayor, Keith Bell**
**1111 Bayou**
**La Marque, TX  77568 or wherever he may be found**

| SERVED: | | ADDRESS/LOCATION | |
|---|---|---|---|
| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | MILEAGE |
| | | | |
| | | | |
| | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____

_____

| FEES: Serving CITATION and copy  $_____ <br><br> **TOTAL FEES AND MILEAGE $** | **Mileage** _____ **miles @ $**_____ **per mile    Total $** _____ |
|---|---|

Signed on _____day of _____, 20_____**Officer**

_____**County, TX**

_____**Deputy /Officer Signature**

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c).**The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
             **(First)**          **(Middle)**          **(Last)**

And my address is _____
                          **Street, City, State, Zip, County**

**"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

**Executed in** _____**County, State of** _____**, on** _____**.**

| _____ <br> **Declarant/Authorized Process Server Signature** | _____ <br> **ID# and expiration of certification** |
|---|---|

## CITATION

### THE STATE OF TEXAS

**ADRIAN  JONES, ET AL VS. CITY OF LA MARQUE, ET AL**

**Cause No.: 22-CV-2219**
**122nd District Court of Galveston County**

TO:     JOSE SANTOS
        **431 Bayou Road**
        **La Marque, TX  77568 or wherever he may be found**

---

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **122nd District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **November 21, 2022**. It bears cause number **22-CV-2219** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 29th day of November, 2022.**

Issued at the request of:
UA Lewis
PO Box 27353
Houston TX 77227

**John D. Kinard**, District Clerk
Galveston County, Texas



*Elissa Alvarado*

By _____
      Elissa Alvarado, Deputy

---

## The District Courts of Galveston County, Texas Status Conference Notice
## Please calendar this event

| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) | | | |
|---|---|---|---|
| Court Name | Status Conference Time | Court Phone Number | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax 409-765-2689 |

## <u>Date :02/23/2023 set in the 122nd District Court - Judge John Ellisor</u>

## RETURN OF SERVICE

| Case No. 22-CV-2219 | In the 122nd District Court |
|---|---|

| ADRIAN  JONES, ET AL vs. CITY OF LA MARQUE, Et Al |
|---|

Come to hand on _____ at _____ o'clock _____.m., and executed in _____County,
Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

**To:   JOSE SANTOS**
**431 Bayou Road**
**La Marque, TX  77568 or wherever he may be found**

| SERVED: | | ADDRESS/LOCATION | |
|---|---|---|---|
| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | MILEAGE |
| | | | |
| | | | |
| | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____
_____

| FEES: Serving CITATION and copy  $_____ | Mileage _____ miles @ $_____ per mile    Total $_____ |
|---|---|
| **TOTAL FEES AND MILEAGE $** | |

Signed on _____day of _____, 20_____**Officer**

_____**County, TX**

_____**Deputy /Officer Signature**

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c).**The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
                    **(First)**              **(Middle)**                **(Last)**

And my address is _____
                                        **Street, City, State, Zip, County**

                **"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

Executed in _____ County, State of _____, on _____.

| _____ | _____ |
|---|---|
| **Declarant/Authorized Process Server Signature** | **ID# and expiration of certification** |

## CITATION

### THE STATE OF TEXAS

**ADRIAN JONES, ET AL VS. CITY OF LA MARQUE, ET AL**

**Cause No.: 22-CV-2219**
**122nd District Court of Galveston County**

TO:     **Chief Kirk Jackson**
        **431 Bayou Road**
        **La Marque, TX  77568 or wherever he may be found**

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **122nd District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **November 21, 2022**. It bears cause number **22-CV-2219** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 29th day of November, 2022.**

Issued at the request of:
UA Lewis
PO Box 27353
Houston TX 77227



**John D. Kinard**, District Clerk
Galveston County, Texas

*Elissa Alvarado*

By     Elissa Alvarado, Deputy

| The District Courts of Galveston County, Texas Status Conference Notice |||
|---|---|---|
| Please calendar this event ||||
| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) |||
| Court Name | Status Conference Time | Court Phone Number ||
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## Date :02/23/2023 set in the 122nd District Court - Judge John Ellisor

# RETURN OF SERVICE

| Case No. 22-CV-2219 | In the 122nd District Court |
|---|---|

ADRIAN  JONES, ET AL vs. CITY OF LA MARQUE, Et Al

Come to hand on _____ at _____ o'clock _____.m., and executed in _____County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

To:   **Chief Kirk Jackson**
      **431 Bayou Road**
      **La Marque, TX  77568 or wherever he may be found**

| SERVED: | | ADDRESS/LOCATION | |
|---|---|---|---|
| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | MILEAGE |
| | | | |
| | | | |
| | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____

_____

| **FEES: Serving CITATION and copy  $_____**  **TOTAL FEES AND MILEAGE $** | **Mileage _____   miles @ $_____ per mile    Total $_____** |
|---|---|

Signed on _____day of _____, 20_____**Officer**

_____**County, TX**

_____**Deputy /Officer Signature**

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c).**The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
        **(First)**        **(Middle)**        **(Last)**

And my address is _____
        **Street, City, State, Zip, County**

**"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

**Executed in** _____ **County, State of** _____, **on** _____.

| _____ | _____ |
|---|---|
| **Declarant/Authorized Process Server Signature** | **ID# and expiration of certification** |